IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                                             No. 1:11-CR-10006

RICO JAMES JACKSON
                                                                          MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 (ECF No. 45) filed herein by **RICO JAMES JACKSON**, (hereinafter referred to as

"Jackson")  an inmate confined in the Butner Federal Medical Center, Butner, North Carolina.  The

United States of America (hereinafter referred to as the "Government") has responded to the Motion.

ECF No. 49.  The Motion was referred for findings of fact, conclusions of law and recommendations

for the disposition of the case.

### 1.  Procedural Background:

Jackson was charged in a three count Superceding Indictment returned by the Grand Jury for

the Western District of Arkansas on June 29, 2011.[1]   ECF No. 24. Count 1 of the Superceding

Indictment charged Jackson with being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1).   Count 2 of the Superceding Indictment charged Jackson with knowingly possessing

a stolen firearm in violation of 18 U.S.C. § 922(j).  Count 3 of the Superceding Indictment charged

Jackson with distribution of cocaine base in violation of 21 U.S.C. § 841 (a)(1). Jackson was

represented at trial by Mr. Chase Carmichael, who was appointed by the Court.  ECF No. 4.  On July

---

[1] Jackson was originally charged by Indictment on April 6, 2011, (ECF No. 1).

20, 2011, he entered a not guilty plea to all three counts of the Superceding Indictment.  ECF No.

28.

On November 1, 2011, Jackson appeared with counsel before U.S. District Judge Harry F.

Barnes for a change of plea hearing.  ECF No. 33.    Pursuant to written Plea Agreement, Jackson

pled guilty to Count 3 of the Indictment.  ECF No. 34.   The Government reviewed and summarized

the Plea Agreement including the following provisions:

-Jackson would plead guilty to Count 3 of the Superceding Indictment.  ECF No. 34, ¶ 1.

-Jackson admitted he had sold crack cocaine to a police informant.   ECF No. 34, ¶ 2.

-Jackson waived his right to appellate review, except for a sentence in excess of the statutory

maximum.    ECF No. 34, ¶ 7.a-b.

-Jackson waived his right to collateral review under § 2255, except for claims of ineffective

assistance of counsel directed at the validity of his plea agreement and waivers.   ECF No.

34, ¶ 7.d.

Judge Barnes then had the following exchange with Jackson:

> THE COURT: All right, there is a provision where Mr. Jackson waives the right to
> directly appeal this, is that correct?
>
> MR. QUINN: It is, Your Honor.
>
> THE COURT: Do you understand that, Mr. Carmichael?
>
> MR. CARMICHAEL: Yes, Your Honor.
>
> THE COURT: All right, good. Mr. Jackson, I'm sure you've read this. Have you read
> this plea agreement?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you had it discussed with you?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: So much as you could?

THE DEFENDANT: Yes, sir.

THE COURT: You've signed it, have you not?

THE DEFENDANT: Yes, sir.

THE COURT: Did anybody force you to do it?

THE DEFENDANT: No, sir.

THE COURT: Anybody promise you something that has not been set forth in this agreement?

THE DEFENDANT: No, sir.

THE COURT: Now, I know you have a multitude of medical problems, but have you had any alcohol today?

THE DEFENDANT: No, sir.

THE COURT: Any drugs, or prescription that would keep you from voluntarily and

openly responding and understanding what occurs today?

THE DEFENDANT: No, sir.

THE COURT: Now, I would assume that if brought to trial the government could prove beyond a reasonable doubt all the factual admissions set forth in the plea agreement.

MR. QUINN: Yes, Your Honor.

THE COURT: Mr. Jackson, do you believe that they could prove that beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions that this court could help you with?

THE DEFENDANT: No, sir.

THE COURT: Are you ready to plead?

THE DEFENDANT: Yes, sir.

THE COURT: You may sit right there, sir. To the Superceding Indictment, Count 3, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

ECF No. 44, p. 9-11.  Judge Barnes then directed the United States Probation Office to prepare a Pre-Sentence Report ("PSR") pursuant to the United States Sentencing Guidelines ("USSG").

The United States Probation Office prepared a PSR (ECF No. 40), and the matter was set for sentencing on March 23, 2012.  ECF No. 39.  The PSR assessed a base offense level of 12 pursuant to U.S.S.G. § 2D1.1(c)(14) based on less than 1.4 grams of cocaine base.  ECF No. 40 ¶ 12. Jackson received a Chapter Four Enhancement pursuant to U.S.S.G. § 4B1.1because of two prior felony convictions of either a crime of violence or controlled substance offense which raised his offense level to 32.  ECF No. 40 ¶ 18. Jackson received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29. ECF No. 40 ¶ 19-20.  The PSR found Jackson to be a career offender, and he was placed in criminal history category VI. ECF No. 40 ¶ 31.  The resulting advisory guideline range was 151-188 months imprisonment. ECF No. 40 ¶ 41.  Neither the Government or Jackson filed any objections to the PSR.

At the sentencing hearing, Judge Barnes initially reviewed the history of the case and asked if Jackson had reviewed the PSR with his lawyer.  Jackson replied that he had done so.  ECF No. 44,

p. 21. The Court then granted the Government's Motion for a reduced sentence pursuant to USSG §5K1.1, lowering Jackson's total offense level by two levels, resulting in a new guideline range of 130-162 months imprisonment. ECF No. 44, p. 21.

The Court then discussed Jackson's failure to appear for the sentencing which was initially scheduled for March 9, 2012. Following the Government's oral motion, Jackson's statement to the Court, and Jackson's lawyer's response and objection, the Court imposed a two-level increase to Jackson's total offense level for obstruction of justice as a result of his failure to appear. Further, the Court withdrew the previously granted three-level reduction for acceptance of responsibility based on the same conduct. ECF No. 44, p. 31-32. The result was that Jackson's total offense level was 34 resulting in a guideline sentence range of 210-262 months. Jackson was sentenced to 210 months imprisonment, three years supervised release, ineligibility for federal benefits for 10 years, and a $100 special assessment. ECF No. 42.

Judge Barnes did advise Jackson he could appeal his sentence. The Government pointed out there was an appeal waiver contained in the Plea Agreement. The Court also dismissed Counts 1 and 2 of the Superceding Indictment pursuant to the Government's Motion. Jackson did not attempt to appeal the sentence imposed.

 2.  **Instant Petition**:

Jackson filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on April 8, 2013. ECF No. 45. The Court directed the Government to file a response, and the Government filed its Response on November 26, 2013. ECF No. 49.

In his Motion, Jackson raises several claims for relief. ECF No. 45 and 47.[2]  First, Jackson

claims the United States lacked jurisdiction in this case because the case originated as state criminal

investigation.  Second, he claims the Government violated its Plea Agreement with him resulting in

a harsher sentence than contemplated by the Plea Agreement.  Specifically, he claims he should not

have received the two-level increase for obstruction of justice and he should not have been deprived

of the three-level decrease for acceptance of responsibility.  Third,  he alleges ineffective assistance

of counsel asserting his trial counsel failed to "object to the Government enhancement" at the

sentencing hearing, counsel knew no federal officer investigated the case, and counsel failed to

properly represent him during the plea bargain process.

The Government asserts first, Jackson waived his right to collaterally attack his sentence,

except for a claim based on ineffective assistance of counsel.  Second, the Government asserts

Jackson's three substantive claims have no merit.

**3.  Discussion**:

As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different

from a direct appeal.  A collateral attack pursuant to § 2255 is limited to alleging errors of

"constitutional or jurisdictional magnitude."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.

1991).  The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a
> federal court may file a motion in the "court which imposed the sentence to vacate,
> set aside or correct the sentence."  The statute states four grounds upon which such
> relief may be claimed: (1) "that the sentence was imposed in violation of the
> Constitution or laws of the United States;" (2) "that the court was without jurisdiction
> to impose such sentence;" (3) "that the sentence was in excess of the maximum

---

[2]The Court will address the issues as set out in Jackson's Memorandum of Law in Support of
Petitioner's § 2255 Motion.  ECF No. 47.

authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)).

      **A. Waiver of Right to Collaterally Attack Sentence**: The Government asserts Jackson has waived his right to collaterally attack the sentence imposed here.  Waivers of the right to collaterally attack a sentence are "generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.").  Such waivers are not absolute, however.  A waiver must be knowing and voluntary.  *Id.*  Further, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *Id. (citing United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.), *cert. denied*, 525 U.S. 942 (1998)).  The court should enforce the waivers in a plea agreement if: (1) the record indicates that the defendant entered into the agreement and the waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

      The United States Court of Appeals for the Eighth Circuit has upheld the following waiver in a recent case: "[e]xcept for a claim of ineffective assistance of counsel, the defendant ... waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255." *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011).

When conducting this inquiry, the government bears the burdens of proof and persuasion in establishing a valid waiver. *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).   Any ambiguities in a waiver at issue must be construed against the government. *Id*.

In the instant case, Jackson's Plea Agreement contained a waiver of his right to collaterally attack his sentence.  The Plea Agreement stated in part:

> d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;

ECF No. 34 ¶ 7.d.  There is no claim by Jackson that this waiver was not knowingly and voluntarily made.  That waiver is substantially the same as the one upheld in *Ackerman*; namely, "the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." ECF No. 34 ¶ 7 (d).  Jackson signed and acknowledged he was voluntarily entering into the plea agreement having read it, and discussed it with his lawyer.  ECF No. 34 ¶ 35.  Here, Jackson asserts the Court lacked jurisdiction, the Plea Agreement was not followed by the Government, and his counsel was ineffective (but not in relation to the waivers contained in the Plea Agreement).  He does not challenge his guilty plea or the waiver itself, rather he challenges the sentence imposed by the Court.

Here, the record indicates Jackson clearly entered into the agreement and the waiver knowingly and voluntarily as evidenced by his soliloquy with Judge Barnes on the day of the change of plea. Further, the issue raised, namely collateral review of the sentence imposed, falls within the scope of the waiver in the Plea Agreement.  Finally, there would certainly be no miscarriage of justice in enforcing the waiver in this case, as Jackson was sentenced within the applicable statutory

range of punishment.  One of Jackson's claims is the Government did not fulfill its end of the

bargain in the Plea Agreement.  As discussed below, this argument fails on its merits and is thus

subject to the waiver provision as well.  Jackson knowingly and voluntarily waived his right to

collateral review of his sentence in this case.

Further, independent of the waivers contained in the written plea stipulation, Jackson as a

matter of law, has waived his right to contest his conviction based on an alleged violation of his

constitutional rights which purportedly occurred prior to the entry of his plea of guilty:

> When a criminal defendant has solemnly admitted in open court that he is in fact
> guilty of the offense with which he is charged, he may not thereafter raise
> independent claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

Even though I find Jackson has waived his right to collateral review in this case, I will

address the merits of his claims.  As discussed below, all of the claims are without merit and should

be denied.

**B.  Federal Jurisdiction was proper in this case**: Jackson asserts the Federal Government

lacked jurisdiction to prosecute him in this case, because the underlying criminal investigation was

performed by state rather than federal officers.  Jackson is incorrect in this assertion.  Jackson pled

guilty to a violation of 21 U.S.C. § 841(a)(1), distribution of cocaine base.  This conduct also

violates ARK. CODE ANN. § 5-64-422.

It has long been clear that duel prosecutions, for the same conduct in the state and Federal

courts, do not run afoul of the United States Constitution.

> We have here two sovereignties, deriving power from different sources, capable of
> dealing with the same subject-matter within the same territory. . . . Each government

in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.

. . .

It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.

*Abbate v. United States*, 359 U.S. 187, 194 (1959)(*quoting United States v. Lanza*, 260 U.S. 377, 382 (1922)). Jackson asserts the fact a Federal law enforcement officer was not involved in investigating his case takes his case outside Federal jurisdiction. This is not the rule. "The fact that the federal government prosecutes a federal crime in a federal court that could have been or has been prosecuted as a state crime in a state court does not itself violate due process." *United States v. Turpin*, 920 F.2d 1377, 1388 (8th Cir. 1990).

Jackson relies in large part on *Elkins v. United States*, 364 U.S. 206 (1960). *Elkins* does not stand for the proposition posited by Jackson. Rather, *Elkins* stands for the proposition "that evidence obtained by state officers during a search which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a federal criminal trial." *Id* at 223. Such is not the case here. In fact, in this case, Jackson filed a motion to suppress the evidence obtained by the state officers. This Court, after a hearing, found the evidence was legally seized and denied Jackson's Motion. This is precisely what *Elkins* instructs the Federal courts to do. *See id.* at 223-24.

Clearly, the Federal Government can prosecute crimes such as the one Jackson committed even if the crime was investigated by state or local officers. This claim has no merit.

**C. The Plea Agreement**: Jackson next asserts the Government breached its Plea Agreement with him by failing to seek a downward departure pursuant to USSG § 5K1.1, by taking away three-

levels for his failure to accept responsibility, and for seeking to add two-levels for Jackson's obstruction of justice.  All of these arguments lack merit.

First, the Government did in fact seek a downward departure pursuant to § 5K1.1.  The Court granted that motion and reduced Jackson's total offense level under its USSG calculation by two-levels.  ECF No. 44, p. 23-24.

Second, the Government did not seek to enhance Jackson's sentence by filing an information alleging prior convictions.  Rather, it moved to have the Court add two-level's to his total offense level because of Jackson's failure to appear at the first scheduled sentencing.  The Court discussed this at length at the sentencing, heard from Jackson himself, and head argument from his counsel before concluding a two-level enhancement to the total offense level for obstruction of justice was proper.  There was no breach of the Plea Agreement.

Third, the Government asked the Court to rescind its grant of a three-level reduction for acceptance of responsibility.  Again, the Court considered this matter at length at the sentencing and determined that based on Jackson's conduct prior to sentencing (failure to appear for sentencing) he should not be awarded acceptance of responsibility.  The Plea Agreement itself contemplates the Government opposing award of acceptance of responsibility in certain instances.  ECF No. 34 ¶ 24. The Government did not obligate it self to turn a blind eye to Jackson's breach of his agreements or violation of his pre-trial release conditions.  This claim has no merit.

**D.  Ineffective Assistance of Counsel**: Jackson's third substantive claim is that his trial counsel was ineffective in failing to "object to the Government enhancement" at the sentencing hearing, counsel knew no federal officer investigated the case, and counsel failed to properly represent him during the plea bargain process.  As discussed below, all of these claims fail on their

own merit.

In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984))). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

In testing the first element of an ineffective assistance of counsel claim, counsel's alleged deficient performance, when a defendant complains that counsel failed to challenge the state's case, "The failure to oppose the prosecution's case must involve the entire proceeding, not just isolated portions." *White*, 341 F.3d at 678. Except in instances where a defendant can show a failure of such magnitude, there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *Id*. If the Court finds deficient counsel and thus considers the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Jackson primarily claims his counsel failed to contest the Government's oral Motion to Enhance Sentence for Obstruction of Justice and to Deny Acceptance of Responsibility. Even a

-12-

cursory review of the record shows this claim has no merit. Jackson's counsel articulated a thorough and well thought out objection, provided the Court with case law and argued why the case law applied to Jackson's case in regards both issues. ECF No. 44, p. 28-30. Jackson's claim of deficient performance in this regard is without merit.

Jackson also claims his counsel was deficient in some way for failing to object to the underlying case being investigated by state law enforcement. As discussed above, this is not a valid objection and failing to make it is certainly not deficient performance.

Jackson argues counsel was deficient in failing to properly represent him the plea bargain negotiations. He makes no specific allegation here, but is clearly referring to the actual sentence imposed. Judge Barnes asked him specifically if he was satisfied with Counsel before he was allowed to change his plea. Jackson said he was satisfied. He specifically waived his right to trial and indicated to Judge Barnes he understood this waiver, before he was allowed to change his plea. In short, Jackson can point to no act of counsel which was deficient in the plea bargain negotiations.

Finally, the only prejudice pointed out by Jackson in this Motion is the fact he was sentenced to a higher sentence than he anticipated at the time he entered the Plea Agreement. As the record makes clear, this was manifestly not the fault of counsel. Jackson failed to appear for the initial sentencing hearing and as a result his sentence was increased significantly. This increase was the result of Jackson's own actions.

## 4. **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and

dismissed.[3]  Further, pursuant to *28 U.S.C. §1915(a),* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **30th day of January 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*  In this case the parties do not dispute the relevant facts, therefore, an evidentiary hearing is not required.